## GAFFNEY v. WILLIAMSON, Adm'r.

1. A claim left with the clerk for the purpose of presentation to the administrator, and retained by him until after the estate is reported insolvent, and then filed with the papers of the insolvent estate, is filed sufficiently within the act of 1843, though he does not indorse the time of filing it, on the note, or transfer it to his docket. Nor can he afterwards be allowed to controvert it, by saying he did not consider it as filed.

Error to the Orphans' Court of Talladega.

THE defendant in error, having reported the estate of his intestate insolvent, and having made his final settlement of the estate, objected to the claim of the plaintiff in error, because it was not filed with the clerk of the court within six months, after the report of insolvency, as required by law ; and thereupon the plaintiff introduced the clerk of the court, who deposed, that the attorney of plaintiff placed the claim in controversy, and several others with him, about a year before the report of insolvency was made. That he pre-

sented the claims to the administrator, and they were left with him, for safe keeping, until the estate was declared insolvent. That he informed the creditors, and their attorney, of the report of insolvency, and also of the day set apart for hearing said report, but none of them appeared. The witness on that day placed the claims, including that of the plaintiff, on file amongst the papers of the estate, which showed its insolvency, where they have remained ever since, and did not make any indorsement of any kind upon said claims, nor did he indorse them as filed. He had no recollection of receiving any instructions from the plaintiff, or his attorney to file the claim, in the event the estate was declared insolvent, and not receiving any instructions, did not indorse the claim as filed, when the estate was declared insolvent. That the claims had been presented by him, to the administrator, with others as claims against the estate, and were present, and examined by the administrator, at the time he made his report of insolvency. The administrator filed no objection to the claim in writing, until more than a year after the order of insolvency, and not until the trial of the cause. Upon this testimony the court rejected this claim, which is the matter now assigned as error.

CHILTON and MORGAN, for plaintiff in error.

L. E. PARSONS and S. F. RICE, contra.

ORMOND, J.—In our judgment, this claim must be considered as having been filed in proper time. It appears it was left with the clerk before the estate was reported insolvent, for the purpose of presentation to the administrator, and was by him presented; and upon the estate being declared insolvent, was by the clerk placed among the papers showing the insolvency of the estate. The act of 1843, (Clay's Dig. 194, § 10,) requires the clerk to indorse on the claim the day on which it was filed, and to keep a docket, or list of the claims so filed; but the omission of this duty on the part of the clerk, cannot prejudice any creditor, who deposits his

claim with the clerk, when an estate is declared insolvent. It can make no difference, that this claim was handed to the clerk before the estate was declared insolvent. That he considered it placed in his hands for that purpose, is evident, from the fact that he placed it on file among the papers showing the insolvency of the estate. This unequivocal act, he cannot be allowed to controvert, by saying he did not consider it as filed, or by his omission to indorse the fact upon it, or to transfer it to his docket if he kept one.

From this it results, that the orphans' court erred in its judgment, which must be reversed, and the cause remanded.